# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v.   ) | Case No. 4:20-CR-0014-LGW-CLR |
| ) | |
| SHARON ANN WALTON, ) | |
| ) | |
| Defendant. ) | |

## STATUS REPORT

Presently pending before the Court is Defendant's Motion for Disclosure of Evidence Under Rule 12(B)(4) And Request for Extension of Time to File a Motion to Suppress Said Evidence ("Motion"). Doc. 24. At a hearing on the Motion, the Court directed counsel for the parties to meet and confer regarding Ms. Walton's request, under Fed. R. Crim. P. 12(b)(4), that the government provide notice of its intention to use evidence at trial including seized documents, statements or other evidence which may be subject to a motion to suppress.

Undersigned counsel now submits this Status Report, after conferring with counsel for the government. Through conferral, undersigned counsel suggested, and counsel for the government confirmed, that the government intends to rely on at least the following categories of evidence:

a) Bank records related to accounts held by Ms. Walton;
b) Electronically stored information held on Ms. Walton's cell phone;
c) Documents and other evidence seized during the search of Ms. Walton's residence;
d) Audio Recording of Ms. Walton's initial statement to agents at her residence (approximately 3-hour interview); and
e) Follow-up conversation(s) between agents and Ms. Walton.

The government maintains, however, that there is additional evidence in its discovery file that it may or may not introduce at trial. The parties reached the following agreement regarding this additional evidence: if (a) the government later discloses its intent to rely on evidence not contained within one of the categories described above, and (b) Ms. Walton moves to suppress said evidence, the government will not raise an objection based on the timeliness of the motion.[1]

While the Motion remains under advisement, undersigned counsel submits that the opportunity to confer with the government has narrowed the issues in dispute and conserved judicial resources. In a similar vein, the parties are engaged in plea negotiations concurrent with their discussion of the procedural issues raised by the Motion.

RESPECTFULLY SUBMITTED this 9th day of October, 2020.

/s/ Cameron C. Kuhlman
CAMERON C. KUHLMAN
Georgia Bar Number: 596159
*Attorney for Defendant*

DUFFY & FEEMSTER, LLC
340 Eisenhower Drive
Suite 800, Second Floor
Savannah, Georgia 31406
(912) 236-6311 Telephone
(912) 236-6423 Facsimile
cck@duffyfeemster.com

---

[1] The parties do not intend, by this agreement, to circumscribe the Court's inherent authority to control its own docket. Moreover, nothing in this agreement precludes the government from opposing any such suppression motion on the merits.

## CERTIFICATE OF SERVICE

I hereby certify that on this day I have filed the foregoing using the Court's CM/ECF system which will cause an electronic copy to be delivered to all parties.

<u>/s/ Cameron C. Kuhlman</u>
Cameron C. Kuhlman
*Attorney for Defendant*
